UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

Bralyn Jackson,

Plaintiff,

v. Civil Action No. _____

Greenville County, Sheriff's Office, Deputy John Doe(s),

Defendants.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

Plaintiff, Bralyn Jackson, by way of complaint against the above-named defendants, alleges as follows:

## 1. Introduction

1. I am an indigent resident of Greenville County, South Carolina, and was assigned a public defender and 608 Court appointed counsel under state law due to inability to afford counsel.

2. Defendants failed to ensure compliance with SC Code § 17-15-35(B)(3)(1), which requires a hearing to determine indigency before jailing for nonpayment of monitoring/GPS fees.

3. As a result, I was jailed multiple times for inability to pay, including incidents involving armed officer enforcement.

4. This conduct violates Plaintiff's constitutional rights under the 14th Amendment (due process) and, in cases of excessive enforcement, the Fourth Amendment (excessive force).

## 2. Jurisdiction and Venue

1. Jurisdiction arises under 28 U.S.C. § 1331 (federal question) and 42 U.S.C. § 1983.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events occurred in Greenville County, South Carolina.

## 3. Parties

- Plaintiff: Bralyn Jackson, resident of Greenville County, SC, indigent.

- Defendants:

    1. Greenville County, South Carolina — responsible for policies and procedures related to pretrial services and indigent hearings.

    2. Greenville County Sheriff's Office — responsible for enforcement of detention orders.

    3. Deputy John Doe(s) — officers involved in executing detention

## 4. Statement of Facts

1. I was 18 when I was arrested on June 17, 2023 and formally charged on June 29, 2023. Due to my inability to afford a paid lawyer I applied for and was assigned a public defender due to indigency. The public defender resigned from the case in which the Court appointed me a 608 Pro Bono attorney for indigent defense due to my inability to retain counsel. Due to the nature of the charges presented against me, I was granted a bond in which I was ordered to GPS monitoring.

2. No hearing was conducted pursuant to SC § 17-15-35(B)(3)(1) to determine my finances or ability to make payments to the program. As time went on I made many bona fide efforts to prevent any violations that would lead to jailing such as borrowing money from my mother to help me comply with these excessive fees. Due to my inability to find work because of the pending charges and my financial/living situations I fell behind in monitoring fees which caused account delinquencies and led to unwill violations of GPS due to my inability to afford these fees. Bench warrants were issued for failure to pay/comply with GPS-monitoring fees and I was jailed on 3 separate occasions pending

resolution of the charges due to the unwilful violations of GPS monitoring.

3. I was repeatedly arrested, detained, and humiliated by officials including by deputies armed with assault rifles each time they would come to arrest me. While sleeping in the car with my mother on August 20, 2025 in a parking lot while facing homelessness, Greenville County Sheriffs in black pick up trucks blocked my mothers vehicle and pointed Assault Rifles at us while we were sleeping. They then ordered me out of the vehicle where I was then taken to Greenville County Detention Center for this unwilful violation.

4. Defendants acted pursuant to county policy and failed to correct systemic issues despite knowing that indigent defendants were being jailed without hearings.

5. These actions caused emotional distress, loss of liberty, and other damages.

## 5. Causes of Action

Count 1 — § 1983: Unlawful Detention / Due Process

- Defendants, by failing to conduct hearings before detention, violated Plaintiff's 14th Amendment due process rights.

Count 2 — § 1983: Excessive Force (Fourth Amendment)

- Deputies who executed arrests with unnecessary armed force violated Plaintiff's Fourth Amendment rights to the U.S. Constitution and Section 3, Article 1 to the South Carolina Constitution.

Count 3 — § 1983: Monell Claim (Municipal Liability)

- Greenville County is liable because:

    1. Policy or custom: Systematic failure to ensure indigency hearings before detention.

    2. Deliberate indifference: County knew or should have known of repeated unlawful detentions.

3. Causal link: County policies or inaction directly caused Plaintiff's repeated unlawful detention.

## 6. Relief Sought

Plaintiff respectfully requests:

1. Compensatory damages for unlawful detention, emotional distress, and lost liberty.

2. Punitive damages against individual officers for reckless or willful conduct.

3. Injunctive relief requiring Greenville County to implement procedures to ensure indigent hearings are held under SC § 17-15-35(B)(3)(1).

4. Alternative settlement flexibility: Plaintiff is willing to consider a settlement that resolves the claim without injunctive relief, provided that monetary relief is agreed upon.

## 7. Jury Demand

Plaintiff demands a trial by jury on all issues so triable.

## 8. Signature / Certification

X *(signature)*
Bralyn Jackson, Plaintiff
09/15/2025
6313 Wiley Drive, Simpsonville, SC, 29680
Phone: (864)-385-8444