IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Bralyn Jackson, ) | Case No. 6:25-cv-12554-JDA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Greenville County, Greenville County ) | |
| Sheriffs Office, Deputy John Doe(s), ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Complaint and a Report and Recommendation ("Report") of the Magistrate Judge. [Docs. 1; 10.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge William S. Brown for pre-trial proceedings.

Plaintiff's pro se Complaint was entered on the docket on September 15, 2025. [Doc. 1.] On September 18, 2025, the Magistrate Judge issued an Order Regarding Amendment of Complaint in which he identified certain deficiencies in the Complaint that subjected it to summary dismissal and granted Plaintiff 21 days (plus three days for mail time) to file an amended complaint correcting the deficiencies. [Doc. 7.] The Order warned that Plaintiff's failure to comply with the Order within the time allowed would subject his case to dismissal pursuant to 28 U.S.C. § 1915 without further leave to amend. [*Id.* at 12.] The Court also issued a Proper Form Order dated September 18, 2025, instructing Plaintiff to provide proposed service documents by October 9, 2025, for any Defendants named in the amended complaint. [Doc. 5.] Plaintiff, however, did not respond to the Court's Orders. Accordingly, on October 22, 2025, the Magistrate Judge

issued a Report recommending that Plaintiff's Complaint be summarily dismissed without prejudice, without further leave to amend, and without issuance and service of process pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. [Doc. 10 at 5–6.] The Report alternatively recommends summary dismissal for failure to state a claim. [*Id.* at 6–13.] The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. [*Id.* at 14.] Plaintiff has filed no objections and the time to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

The Court has reviewed the record in this case, the applicable law, and the Report of the Magistrate Judge for clear error. Having done so, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference.

2

Accordingly, this action is DISMISSED without prejudice, without further leave to amend, and without issuance and service of process pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin<br>United States District Judge

December 5, 2025
Greenville, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.